IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDRE JACKSON,

                Plaintiff,                OPINION AND ORDER

v.

                                        20-cv-917-wmc

VERNON COUNTY,

                Defendant.

*Pro se* plaintiff Andre Jackson, an inmate at New Lisbon Correctional Institution, brings this action under 42 U.S.C. § 1983 against Vernon County, Wisconsin. Jackson claims that he was denied access to adequate legal library facilities and recreation while he was housed at the Vernon County Jail, in violation of his constitutional rights. Jackson's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because the defendant in this matter is a municipal entity, and not the individual or individuals acting under color of state law who allegedly deprived Jackson of his constitutional rights, the complaint has deficiencies that must be remedied in an amended complaint before this case can proceed.

ALLEGATIONS OF FACT[1]

Jackson, a state prisoner, was transferred from Dodge Correctional Institution to the Vernon County Jail on September 16, 2019, for a temporary stay due to overcrowding.

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

He remained there until February 3, 2020. The Vernon County Jail, according to Jackson, is a state-local shared correctional facility, and thus a prison under Wis. Stat. § 302.01.[2]

While housed at the jail, Jackson alleges that he was denied access to an adequate legal library in violation of his right to equal protection and his right to access the courts, "as guaranteed by the First, Sixth, and Fourteenth Amendments." (Dkt. #1 at 3.) He further alleges that he was denied "adequate recreation and exercise due to [his] . . . chronic heart disease," in violation of his Eighth Amendment right to be free of cruel and unusual punishment. (*Id*.) According to Jackson, "Vernon County" and "Vernon County jail officials" knew that his rights were being violated but did nothing. (*Id*.) Jackson seeks monetary and injunctive relief.

OPINION

Although plaintiff has named a suable entity as defendant, his complaint still requires dismissal because it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Under that rule, a complaint must include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

---

[2] Under Wisconsin law, the Department of Corrections can "contract for the establishment and operation of state-local shared correctional facilities" to which "[i]nmates from Wisconsin state prisons may be transferred." Wis. Stat. § 301.14. These shared facilities "shall be prisons under s. 302.01." *Id*.

The court understands plaintiff to be suing Vernon County because it presumably runs the county jail where he was temporarily housed. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court authorized actions against municipal defendants under § 1983. However, plaintiff has failed to include sufficient factual allegations to proceed against this defendant under a municipal liability theory. Specifically, the Court held in *Monell* that when a municipal policy or widespread custom or practice is the cause of unconstitutional actions taken by municipal employees, the municipality itself will be liable. *Id.* at 690; *see also Petty v. City of Chi.*, 754 F.3d 416, 424 (7th Cir. 2014) ("Liability only accrues if the tortfeasor inflicts a constitutional injury on the plaintiff in the execution of the government's policy or custom"). The "official policy or practice" requirement serves to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations and citations omitted).

Therefore, to maintain a § 1983 claim against Vernon County, plaintiff must first identify a "policy or custom attributable to municipal policymakers." *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691-94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. The

3

policy or custom must be the "'moving force' behind [plaintiff's] constitutional deprivation." *Id*. Municipal liability also exists where the failure to train municipal employees amounts to deliberate indifference to the likelihood that the employees would violate citizens' constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff does not allege that the constitutional violations he suffered resulted from a failure to train, or from a policy or custom. Rather, he concludes, without much supporting factual detail and without naming any individuals, that his rights were violated because he was generally denied recreation and access to an adequate legal library while housed at the jail. But even if plaintiff had named individual defendants, his allegations are too conclusory to state an access to courts, equal protection, or a deliberate indifference claim.

Taking the legal library issue first, inmates enjoy a right of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). However, plaintiff must allege "some actual injury, such as the dismissal of a complaint or an inability to file a complaint at all." *Beese v. Todd*, 35 Fed. App'x 241, 243-44 (7th Cir. 2002); *see also Ortiz v. Downey*, 561 F.3d 664, 670-71 (7th Cir. 2009) (The right of access to the courts "is violated when a prisoner is deprived of such access and suffers actual injury as a result"). In other words, plaintiff must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff has not stated any injury, or inability to file anything, and mere delay in a case without more

would not establish actual injury. *See Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir. 1995) ("Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation"). His allegation that the jail's legal library is inadequate, without an actual injury, is insufficient to state an access-to-courts claim.

Plaintiff's related equal protection claim is also inadequately pled. Indeed, plaintiff does not provide *any* detail as to how or why he believes his right to equal protection was violated by inadequate access to legal resources, or by who. The court therefore cannot infer that plaintiff was intentionally treated differently from others similarly situated," or, in other words, that he was intentionally singled out from other inmates. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (describing the class-of-one equal protection theory). Nor can the court infer that plaintiff is: (1) "a member of a protected class"; (2) "otherwise similarly situated to members of [an] unprotected class"; and (3) was "treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)).

As for plaintiff's claim that he was denied adequate recreation, the Eighth Amendment's prohibition against cruel and unusual punishment imposes upon prison officials the duty to provide prisoners "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To succeed on an Eighth Amendment claim challenging conditions of confinement, a plaintiff must prove that: (1) the conditions of confinement were objectively serious, such that they deprive inmates of the minimal civilized measure of life's necessities; and (2) the defendant knew about, but failed to take

5

reasonable measure to prevent the potential harm of that condition. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (citing *Farmer*, 511 U.S. at 834.)

The Court of Appeals for the Seventh Circuit has recognized that exercise is "a necessary requirement for physical and mental well-being," and has held that depriving prisoners of "out-of-cell exercise opportunities" may violate the Eighth Amendment. *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (prisoner denied all out-of-cell exercise opportunities for 6 months during a lockdown stated an Eighth Amendment claim); *see also Pyles v. Spiller*, 708 F. App'x 279, 282 (7th Cir. 2017) ("A deprivation of exercise that prison officials expect will likely result in severe health problems may violate the Eighth Amendment, unless the deprivation is proportionate to a legitimate penological purpose.") (citations omitted). However, short-term denials of exercise do not violate the constitution. *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (denial of outdoor exercise for 70 days permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (denial of out-of-cell exercise for 28 days permissible); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (concluding that prisoner who was allegedly denied recreation time for up to seven weeks, and then was afforded only one hour of recreation time every two weeks, stated an Eighth Amendment claim).

Again, plaintiff includes few allegations in support of this claim. It is not clear from the complaint, for example, how long plaintiff was denied "adequate recreation and exercise." (Dkt. #1 at 3.) Nor is it clear whether plaintiff is alleging that the denial of recreation was an unnecessary response to his presumably serious chronic heart condition, or whether a resulting lack of exercise made his condition, or some other aspect of his

6

health, worse. *See Sheahan*, 81 F.3d at 1432 ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened"). If his condition did worsen from lack of exercise, plaintiff does not indicate how, or how he was affected. Accordingly, the court cannot infer that a reduced quality and quantity of exercise, or a total lack of exercise, created conditions at the Vernon County Jail that posed "a substantial risk of serious harm" to plaintiff. *Farmer*, 511 U.S. at 834.

In sum, in order to proceed with his constitutional claims, plaintiff must provide more factual allegations regarding the alleged violations and his resulting injuries. Plaintiff also must provide factual allegations that defendant Vernon County had a policy or widespread practice that caused a violation of his constitutional rights. Alternatively, plaintiff may wish to consider naming the individual or individuals who allegedly violated his constitutional rights, stating clearly what each individual defendant allegedly did, or did not do, and removing the current municipal defendant from his amended complaint. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, and incorporate those allegations from his original complaint that he still wishes to raise. If plaintiff files an amended complaint by the specified deadline, the court will promptly review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1) Plaintiff Andre Jackson's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff may have until **May 25, 2021**, to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by that deadline, this case will be dismissed without prejudice for failure to prosecute.

Entered this 4th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge